## UNITED STATES BANKRUPTCY COURT
## IN THE WESTERN DISTRICT OF MICHIGAN

_____

WEESE, Marina L.

          Debtor(s)

_____/

PATRICK S. FRAGEL (P49717)
Attorney for Debtors
3210 Racquet Club Drive, Ste A
Traverse City, MI 49684
(231) 933-7030

_____/

Chapter 13
File Date: August 4, 2009
Case No. 09-09268-swd
Hon. Scott W. Dales

### <u>CHAPTER 13 PLAN</u>

( x ) Original

### <u>GENERAL PROVISIONS</u>

      This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case.   Terms listed after a "( )" are applicable only if the box is checked.

### <u>APPLICABLE COMMITMENT PERIOD AS DETERMINED UNDER 11 U.S.C. § 1325(b)(4)</u>

      ( x ) The applicable commitment period under this Plan is 36 months.

### <u>PLAN PAYMENT</u>

      The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as is, or may be necessary for the execution of the Plan.   The Debtor, or the Debtor's employer, shall pay to the Trustee pursuant to 11 U.S.C. §1326 the sum of $1,659.00 per month.

      **The first Plan payment in the amount of $1,659.00 is due on September 2, 2009.**
**The payment shall be sent to:**

Brett N. Rodgers, Trustee
Chapter 13 Trust Account
2482 Momentum Drive
Chicago, IL 60689-5324

      ( ) **Other Plan Payment Provisions:** There shall not be a payroll order because their income is based on social security and pension.

      **(x) Debtor agrees to increase the monthly payment sufficient to keep the plan under 60 months.**

<u>**/s/ Marina L. Weese**</u>

**LIQUIDATION TEST**  The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

**DISPOSABLE INCOME & TAX REFUNDS**

If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 U.S.C. § 1325(b) for no less than **36** months from the date the first Plan payment was due – **including tax refunds** , property tax credits, gambling winnings, inheritances, etc. received during that period.

The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in the dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to the provision.All tax refunds and any other extra disposable income will be in addition to and not included as part of the required Plan payments.

If the Debtor becomes 30 days delinquent in making payments under the plan, the Trustee may submit a Payroll Order to the Court with an appropriate affidavit (copied to the Debtor and the Debtor's Counsel) and the Court may enter the Payroll Order without further hearing.  All Plan payments shall be made by Payroll Order unless this requirement is specifically waived in writing by the Trustee or by Court Order.

The Debtor shall notify the Trustee and their attorney immediately of any change of employment until the Plan is completed.

**BALLOON PAYMENT**  The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation. This provision is not in lieu of or a substitute for regular Plan payments.

**VESTING OF ESTATE PROPERTY**  Upon confirmation of the Plan, all property of the estate shall (x) vest in the Debtor, except for the future earnings of the Debtor and other property specifically devoted to the Plan. (    ) or remain property of the estate.  In any event all property to which the Debtor retains possession or control of shall be insured by the Debtor.  The Chapter 13 Trustee will have no responsibility to insure and will have no liability for damage or loss to any property which is in the possession and control of the Debtor.

**PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**  During the term of the Plan, the Debtor(s) shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any non-exempt real or personal property of a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 U.S.C. § 364.   The Debtor(s) shall not dispose of any real or personal property that vests back to the Debtor of a value greater than $1,000.00 without

2

prior written approval of the Chapter 13 Trustee.

**UNSCHEDULED CREDITORS FILING CLAIMS** If a creditor's claim is not listed in the schedules, but the creditor files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

**ALLOWANCE OF LATE-FILED CLAIMS** Any claim that is late-filed by unscheduled or omitted pre-petition creditors due to failure to receive notice of the Bankruptcy Petition filing shall be allowed as timely filed. If a late filed claim is allowed or any late filed claim is allowed that may not be subject to a Claims Bar Date (i.e. deficiency claim), the Chapter 13 Trustee shall not be required to seek return of prior disbursements to creditors in order to comply with the equal distribution provision of the Plan.

**PLAN REFUNDS** The Trustee may in the exercise of his duties to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to the Creditors, to meet emergency situations which may arise during the course of the plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted or repayment of said refunds may be required by the Trustee. The Trustee has the authority to determine if tax refunds are or are not disposable income based upon changes in income and expenses, actual expenses and family size. The Debtor(s) shall comply with all requirements under 11 U.S.C. §1322 and 11 U.S.C. §1325.

**TRICKETT  NOTICE**

(   )Applicable if Debtor is taking State entireties exemptions. Joint claims must be paid in full.

The debtor has claimed the "State Exemptions" pursuant to 11 USC 522(b)(2) and MCLA 600.5451(l)(o) and MCLA 600.6023(a) in regard to certain real property owned by the Debtor and his spouse as tenants by the entireties. Under Michigan law, however, such property may not be exempt as to creditors who hold a joint claim against the Debtor and his spouse. As a result, allowed Joint Creditors shall be paid the full amount of their claim as opposed to creditors who have only an individual claim against the Debtor who may only be paid a dividend of their claim.

Creditors are advised that they have until the bar date set forth in the "Notice of Chapter 13 Bankruptcy Case, Meeting of the Creditors and Deadlines" (deadline to file Proof of Claim) to file a Proof of Claim in this Bankruptcy proceeding which must be clearly marked as a "JOINT CLAIM" if you hold a joint claim against the Debtor and his spouse or are otherwise entitled to a joint judgment against them. Such claims must attach supporting documentation to support the joint claim and must be filed according to the instructions on the Proof of Claim form you receive from the court. Failure to file a joint claim or individual claim by the aforementioned deadline will result in no dividend being paid to you. If you have any questions regarding the above, you should contact your attorney.

**PRIORITY OF PAYMENT OF CLAIMS:**

3

Unless otherwise specifically stated in the Plan in Provisions III - VII, the Chapter 13 Trustee shall disburse the funds received in the following priority:

Unpaid court filing fees;

Chapter 13 Trustee's Administrative Expenses;

Monthly payments on any domestic support obligation entitled to priority under 11 U.S.C. § 507(a)(1);

Attorney fees and expenses unless there are secured claims for which monthly payments are provided for in this plan including, but not limited to, monthly mortgage payments, vehicle lease payments, other secured creditors with equal monthly payments, and adequate protection payments.   In such event, the attorney fees will be paid after such equal monthly payments until the attorney fee and expenses are paid in full;

Pre-confirmation adequate protection payments made pursuant to 11 U.S.C. § 1326(a)(1) provided they are to be made through the Trustee and there is an order authorizing such pre-confirmation adequate protection payments.   Such pre-confirmation payments are to be disbursed prior to other monthly payments designated for other secured creditors pursuant to this plan;

Other administrative claims authorized by court order;

Any funds remaining after payments described above shall be paid monthly to secured creditors for which no monthly payment is designated pro-rata with other such secured creditors;

Any funds remaining after payments described above shall be paid monthly to other priority claims pro-rata;

Any funds remaining after payments described above shall be paid to allowed unsecured claims pro-rata.

## TREATMENT OF CLAIMS

**A. ADMINISTRATIVE PRIORITY CLAIMS:**    The Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. § 507.

The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Attorney General. Such fee shall be taken on all Plan receipts at the time the funds are distributed by the Trustee to any party other than the Debtor.

The Counsel for the Debtor has received a retainer of $926.00 prior to the filing of the case. The balance of attorney fees in the amount of $1,674.00 plus any additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan as follows:

1.  (    )  After payment of filing fees, Trustee's fees, the minimum of $_____ shall be paid toward the Debtor(s) minimum attorney fee plus _____% or more of the specified monthly payment received by the Trustee until paid in full prior to all non-administrative claims OR

4

2. (x)   After payment of filing fees and notice expenses, all remaining available funds not specifically designated for monthly payments on DSO obligations, monthly mortgage payments, vehicle lease payments, adequate protection payments or any designated monthly payments to secured creditors shall be paid to the attorney fee claim.

3**.** (  ) Attorney fees shall be deemed included in the unsecured base subject to Section III. Paragraph F.2.  Payment of attorney fees or additional attorney fees could reduce the base amount paid to general unsecured creditors unless the base to unsecured creditors is required by the Best Interest of Creditor Test in 11 U.S.C. §1325 (a)(4).

4.   (x) Other Provisions:  Those attorney fees earned in excess of $2,600.00 ("no look fee") shall be billed at $200.00 per hour, subject to court approval.

## OTHER PRIORITY CLAIMS

**Domestic Support Obligations (DSO):**   NONE - Post-Petition Domestic Support Obligations shall be paid as follows before all other priority creditors:

1. (     ) within the Plan by the Trustee.   These claims consist of the following creditors:

2. (      ) Pre-Petition DSO arrearage will be paid as follows:

3. (      ) Pre and Post-Petition DSO payments will be paid directly by Debtor(s) by consent of the parties

4.   Post-petition arrearages**:**  Debtor will comply with 11 U.S.C. §1325(a)(8) and supply the Trustee with an affidavit just prior to confirmation stating that all post-filing, pre-confirmation Domestic Support Obligation payments required by any judicial or administrative order or statute have been made.

<u>**Other Priority Claims**</u> within this class that are allowed and entitled to priority under §507 shall be paid in full, in deferred cash payments subsequent to the payment of all secured claims unless it is designated with an "X" below to pay the priority creditor pro rata with secured or prior to secured.  These claims consist of the following known creditors and shall be paid as follows:

NOTE: Unscheduled pre- or post- filing priority claims shall also be paid in full unless the Debtor successfully objects to the claim.

NOTE: real estate property taxes shall be listed above and paid the statutory interest rate.

## <u>SECURED CREDITORS:</u>

**Lien Retention:** Pursuant to 11 U.S.C. § 1325(a)(5)(B), all holders of allowed secured claims provided for by the plan shall retain the lien securing such claim until the earlier of (i) the

5

payment of the underlying debt determined under non-bankruptcy law; **or** (ii) discharge under §1328, **and** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.

### Debtor's Principal Residence: 7790 Brown Bridge Road, TC, MI 49686

**OCWEN Loan Servicing, LLC** shall be paid $1,076.94 per month which does not include an escrow for taxes and insurance.   This payment shall be paid inside the plan.

A.  The estimated mortgage arrears is $25,000.00

**CHASE Home Mortgage** shall be paid $150.00 per month which does not include an escrow for taxes and insurance.   This payment shall be paid inside the plan.

A.  The estimated mortgage arrears is $245.00

**MICHIGAN Department of Treasury, Bankruptcy Division** shall be paid as follows:

A.  Lien dated September 4, 2008  and the lien dated August 15, 2005 the shall be paid $100.00 per month. The Debtor remains liable for any post-petion balances.

**POST-PETITION MORTGAGE PAYMENTS & ARREARS** shall be paid prior to attorney fees.

**a**. Unless otherwise stated, the start date on all mortgage post-petition payments and all pre-petition arrearage claims with a monthly payment shall be paid on the first day of the month following the Date of Filing.   Therefore, arrearage claims should be filed to cover arrearages to the end of the Date of Filing month.

b. The above arrearage claim is an estimate and the Trustee may use the arrearage amount listed on the proof of claim subject to the Debtor's right to object to the arrearage claim.

c  If the Debtor(s) have a regular monthly mortgage payment which is being paid through the plan, this plan shall allow the mortgage holder to notify the Trustee of any mortgage payment change.   The Trustee shall be authorized to automatically change the Debtors' mortgage payment and plan payment to an amount sufficient to cover the new mortgage payment and Trustee commission.   The Trustee may amend any wage order in place to include the change in the mortgage payment.   The Trustee may also adjust the date post-petition mortgage payment commence or the date the mortgage arrearage is calculated "through" in order to properly address any pre and/or post petition mortgage arrearage through the Plan.

(    ) **(Optional) Property Tax Escrow:**  The Trustee will escrow from Plan payments for the future property taxes on the following properties:

1.  It is the Debtor(s) responsibility to forward the tax bill each year to the Trustee so the

Trustee can pay the real estate taxes.  It is the Debtor's responsibility to verify that their property taxes are properly paid each year of the Plan.

**Personal Property**

> **Collateral To Be Retained:**  If the collateral retained by the Debtor(s) through this Plan is subsequently destroyed by virtue of an accident and such collateral is subject to a secured lien, Debtor(s) may use the insurance proceeds for such collateral to purchase substitute collateral of equal or greater value which will then serve as collateral for the same secured lien that encumbered the previous collateral

> **Secured Claims Not Subject to 11 U.S.C. § 506 (910 claims):**  The following claims are claims that are not subject to Section 506 because the Creditors have a purchase money security interest securing a debt that is the subject of the claim **and** the collateral for that debt consists of a motor vehicle that was acquired for the debtor's personal use and the debt was incurred within 910 days preceding the date of the filing of the petition; **or** the collateral for that debt consists of any other thing of value if the debt was incurred during the 1-year period preceding the date of filing. *See* 11 U.S.C. § 1325(a)(9).  Thus, the following allowed secured claims shall be paid in full and shall be paid through adequate protection equal monthly payments as specified below:

> **Secured Claims Subject to 11 U.S.C. § 506:**  Each secured creditor listed below shall be paid the fair market value of the collateral.  Each secured creditor shall be paid adequate protection in equal monthly payments as specified below.  The excess of any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim.  The interest rate on the secured portion of the claim shall be in the amount designated below or the contract rate, whichever is lower.  If the secured creditor disagrees with the Fair Market Value stated herein, the creditor must object to confirmation of the Plan.  Failure by the creditor to object to the Plan's Fair Market Value (FMV) binds the secured creditor to the Plan amount below.

NOTE: The pre-confirmation payment/adequate protection payments shall be equal to the post-confirmation monthly payment.

NOTE: Payments to secured creditors pursuant to paragraph III C.4.b. & c. shall commence within 30 days from the Date of Filing.

NOTE: If the Trustee is to make pre-confirmation adequate protection payments to a secured creditor the name, addres and payment amount must be provided above as required by Local Bankruptcy Rule 3016.  However, the Trustee will not disburse an adequate protection payment until a Court Order is issued and a proof of claim has been filed.

**Collateral To Be Surrendered:**  The following collateral will be surrendered to the creditor;

7

the stay shall be terminated effective upon entry of the order confirming plan; and any deficiency shall be treated as a general unsecured claim:

## EXECUTORY CONTRACTS

**Other Executory Contracts:**  The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to-own contracts and the like which shall be treated as follows:

The following executory contracts will be paid through the Plan and the arrears will be cured promptly as follow:

The proof of claim for an executory contract shall govern the total balance due, the monthly payment amount and the number of months left on the lease unless an interested party objects.

## TERMINATION OF THE AUTOMATIC STAY

If a secured creditor or lessor obtains an order terminating the automatic stay anytime during these proceedings, the Trustee shall make no further lease payments or payments on the secured claim unless the order lifting the automatic stay states otherwise.

If the Debtor(s) intend to surrender the subject real estate, then the mortgage companies shall have an automatic lift of stay against the real estate upon confirmation.

## UNSECURED CREDITORS

**General Unsecured Creditors:**  Claims in this class are to be paid from funds available after the dividends to secured and priority creditors and monthly payments to creditors indicated in all the classes above.  The payment allowed to the general unsecured claimants will be satisfied by:

(x) Payment of a pro-rata share of a fixed amount of $1,000.00 set aside for creditors in this class.

If due to changes in circumstances, income or unexpected expenses, the debtor is unable to pay the required unsecured dividend set forth in paragraph F.1.b. above, the Trustee is authorized to extend the plan payments to a time period which will pay the required amount to unsecured creditors.   If the extended time period is unreasonably excessive in the Trustee's view, the plan may be subject to amendment or dismissal.

**Special Unsecured Creditors**:  Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines.

**a. .** (      ) claims of the above creditors will be disbursed pro-rata with the general

8

unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.

**b.** (      ) The special unsecured claim of _____ shall be paid as follows:

## SPECIAL PROVISIONS

**a. Tax Returns:**  All tax returns which have become due prior to the filing of this case have been filed, except as follows:

**b. Debtors Engaged in Business:**
If the Debtor is self-employed and incurs some trade credit in the production of income or has employees; the Debtor will comply with:

1). 11 U.S.C. § 1304(b) and (c) regarding operation of the business and duties imposed on the Debtor which are incorporated herein by reference.

2). the provisions of the Order Regarding Continuation of Business Operation in Chapter 13 entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or other

3) Disbursements to the Unsecured Base: If disbursements to unsecured creditors have been made and a subsequent attorney fee application is filed in an amount that would cause previously paid unsecured creditors to be over paid, the new attorney fees ordered shall be paid as an administrative claim and shall not be considered part of the unsecured base.  If disbursements to unsecured creditors have been made and a subsequent late filed unsecured claim or unsecured deficiency claim is allowed in an amount that would cause previously paid unsecured creditors to be over paid, the new allowed claim shall be paid the same percent dividend as the previously paid claims even if the base to unsecured creditors exceeds the amount stated in the confirmed plan.  In addition, the Chapter 13 Trustee shall not have to collect money back from unsecured creditors who subsequently become over paid because of additional attorney fees, unsecured late filed claims, or unsecured allowed deficiency claims.

### TRUSTEE'S AVOIDANCE POWERS

Notwithstanding any treatment provided to a creditor pursuant to this Plan, the creditors and Debtor(s) acknowledge that both pre and post confirmation the Trustee has certain avoidance powers pursuant to §544, §545, §547, §548, §549, and §550.  The Debtor(s) and creditors acknowledge that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to §551.  The Trustee may bring an avoidance action within the period of time set forth in §546.

9

**OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:**

Date: July 20, 2009                        /s/ Marina L. Weese
                                           Debtor

Date: July 20, 2009                        /s/ Patrick S. Fragel
                                           Attorney for Debtors

10